UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD KLINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 08 C 3134 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| TERRY MCCANN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald Kliner filed a motion pursuant to 28 U.S.C. § 2244, challenging his conviction on two counts of first-degree murder and one count of conspiracy to commit murder. Before the Court is Respondent Terry McCann's motion to dismiss the petition as time-barred.

## BACKGROUND

Kliner was found guilty of charges relating to the February 18, 1988 murder of Dana Rinaldi in Palatine, Illinois. Kliner was sentenced to death and, therefore, appealed directly to the Illinois Supreme Court.[1] On December 3, 1998, the Illinois Supreme Court affirmed Kliner's conviction and sentence. Kliner filed a petition for writ of *certiorari* to the United States Supreme Court, which was denied on October 4, 1999.

On September 5, 1997, while his direct appeal was pending before the Illinois Supreme Court, Kliner filed a *pro se* post-conviction petition. Counsel filed an amended petition on May 25, 2001. On September 19, 2002, the circuit court granted the State's motion to dismiss three of the four claims raised in Kliner's post-conviction petition. The fourth claim was

---

[1] Kliner's sentence was subsequently commuted to a term of natural life.

dismissed after an evidentiary hearing. On December 29, 2006, the Illinois Appellate Court affirmed the judgment of the circuit court.

On February 2, 2007, thirty-five days after the appellate court upheld the dismissal of Kliner's post-conviction petition, Kliner, through counsel, submitted a petition for leave to appeal ("PLA") to the Illinois Supreme Court. However, the PLA filed on February 2, 2007 apparently did not comply with Illinois Supreme Court Rule 341 in that the footnotes were not double-spaced. Kliner, again through counsel, corrected the formatting errors and six days later, on February 8, 2007, filed a motion for leave to file the PLA *instanter*. The motion for leave to file the amended PLA was granted by the Illinois Supreme Court on February 20, 2007. On May 31, 2007, the court denied Kliner's amended PLA.

Kliner filed this *habeas* petition before this Court on May 30, 2008. Respondent has moved to dismiss the petition, raising the sole argument that Kliner's petition is untimely under the one-year deadline set out in 28 U.S.C. § 2244(d)(1).

## ANALYSIS

Section 2244(d) provides that "[a] 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Barring circumstances not present in this case, the one-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending. 28 U.S.C. § 2244(d)(2).

The United States Supreme Court denied Kliner's petition for *certiorari* on October 4, 1999. Thus, but for tolling under § 2244(d)(2), Kliner's deadline for filing his petition for *habeas* relief would have been October 4, 2000. The parties agree that Kliner's September 5, 1997 petition for post-conviction relief began the tolling of the limitations period. The parties also agree that the Illinois Supreme Court's denial of Kliner's amended PLA on May 31, 2007 ended his collateral attack on his conviction in state court and that since that date, the limitations period has been running.

However, the parties disagree as to whether the limitations period was tolled for the entire period between September 5, 1997 and May 31, 2007. Specifically, the parties dispute whether the Illinois Supreme Court's rejection of Kliner's first PLA, filed on February 2, 2007, caused a gap in the tolling under § 2244(d)(2). Under Respondent's view, the tolling began on September 5, 1997 and continued until December 29, 2006, when the Illinois Appellate Court affirmed the circuit court's dismissal of Kliner's post-conviction petition. Under Illinois law, Kliner had thirty-five days, or until February 2, 2007, to file a PLA to the Illinois Supreme Court. Respondent argues that because the PLA Kliner attempted to file on that date was rejected by the court, Kliner missed the deadline. Thus, Respondent asserts that the clock started on the one-year period of limitations on December 29, 2006, when the appellate court ruled and Kliner, in Respondent's view, failed to file a timely PLA. Respondent concedes that the limitations period was again tolled from February 8, 2007, when Kliner filed his motion to file his PLA *instanter*, until May 31, 2007, when the Illinois Supreme Court denied his PLA. In Kliner's view, the limitations period remained tolled continuously from September 5, 1997 through May 31, 2007. Because Kliner did not file this *habeas* petition before this Court until May 30, 2008, exactly one

3

year after the parties agree the clock either started or resumed on the one-year period of limitations, if any time ran before May 31, 2007, Kliner's petition would be time-barred under § 2244(d).

As noted above, the statute of limitations is tolled during the time that "a properly filed application for State post-conviction [relief] . . . is pending." *Gutierrez v. Schoming*, 233 F.3d 490, 492 (7th Cir. 2000); 28 U.S.C. § 2244(d)(2). Thus, the question is whether Kliner had a properly filed application for post-conviction relief pending during the entire time between his initial filing of his petition for post-conviction relief and the Illinois Supreme Court's denial of his amended PLA.

Respondent argues that *Fernandez v. Sternes*, 227 F.3d 997 (7th Cir. 2000) (*Fernandez*) controls the outcome of this case. The *Fernandez* court addressed the question of how much time is tolled under § 2244(d)(2) when a petitioner for state collateral relief misses the deadline to appeal but the state court excuses the delay. *Fernandez*, 227 F.3d at 978. The court set out four possibilities in order of increasing amounts of time excluded from the one-year limitations period:

- Time between the order allowing the untimely filing and the final decision on the merits.

- Time between the application for leave to file out of time and the final decision on the merits.

- Time between the application for leave to file out of time and the final decision on the merits, plus the time originally available (but not used) to file a timely application.

- Time between the previous adjudication of petitioner's claim and the final decision on the merits.

*Fernandez*, 227 F.3d at 978. The court rejected the first option as inconsistent with the language of § 2244(d)(2). *Fernandez*, 227 F.3d at 979. The court also rejected the fourth option: "An untimely petition is just that; it is filed when it is filed, and it was not 'pending' long before its filing." *Fernandez*, 227 F.3d at 981. The court declined to decide between the second and third options, *Fernandez*, 227 F.3d at 980, and the question remains open. *See William v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008); *but see Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (emphasis original) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

Deciding between the second and third option is unnecessary in this case, Respondent argues, because Kliner meets the § 2244(d) deadline only under the rejected fourth option. Under that rule, tolling under § 2244(d)(2) would have continued through December 29, 2006, when the Illinois Appellate Court affirmed the circuit court's dismissal of Kliner's post-conviction petition, to May 31, 2007, when the Illinois Supreme Court denied his PLA. Under either the second or third option, some time before May 31, 2007, would not have been tolled – forty-one days under the second option (December 29, 2006 to February 8, 2007) or six days under the third option (February 2, 2007 to February 8, 2007).

Because Kliner waited a full year after the denial of his PLA and on May 30, 2008, filed his petition to this Court, if any time before May 31, 2007 was not tolled, the statute of limitations has run. Thus, applying the *Fernandez* framework to Kliner's case would result in the dismissal of his *habeas* petition. However, Respondent has not shown that *Fernandez* is

applicable to this case. *Fernandez* addresses the situation in which a petitioner fails to file a timely petition or appeal and the state court excuses that failure. As explained below, Respondent has not shown that Kliner's PLA was untimely.

In pointing to *Fernandez*, Respondent argues that Kliner's motion to file *instanter* was essentially a motion for extension of time. Respondent's reasoning ignores the distinction between a petitioner who, having missed the deadline completely, asks the court for leave to file an untimely petition and a petitioner, as is the case here, who files a timely PLA but subsequently is granted leave to correct minor formatting errors.

In *Carey v. Saffold*, 536 U.S. 214 (2002) (*Saffold*), the United States Supreme Court examined the meaning of the word "pending" as used in § 2244(d)(2). The Court rejected the State of California's argument that "an application for state collateral review is not 'pending' in the state courts during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court." *Saffold*, 536 U.S. at 219. The State's argument was based on rationale that during that period of time, there was not a petition "under court consideration." *Saffold*, 536 U.S. at 219. Instead, the Court took "pending" to mean "in continuance," "not yet decided," "through the period of" or "until the . . . completion of." *Saffold*, 536 U.S. at 219 (citing Webster's Third New International Dictionary 1669 (1993)). Applying this definition to § 2244(d)(2), the Court held that application remains pending until it "has achieved final resolution through the State's post-conviction procedures." *Saffold*, 536 U.S. at 220.

*Saffold* instructs that an application for collateral review may be pending even when no petition or motion is currently before a court for consideration. It is enough that the proceedings are "in continuance" or "not yet decided." Under this view, Kliner's collateral attack did not terminate on February 2, 2007, when his brief was returned for formatting errors, because the Illinois Supreme Court permitted him to correct the error six days later. His collateral attack was in continuance up to and beyond February 8, when he filed the corrected brief.

Respondent attempts to characterize the Illinois Supreme Court's decision of February 8, 2007, as allowing Kliner to file an untimely PLA rather as allowing the correction of a previously filed PLA. This is not necessarily the best view. Illinois Supreme Court Rule 315(b) provides that motions to extend time to file a PLA "are not favored and will be allowed only in the most extreme and compelling circumstances." The order granting Kliner's motion for leave to file *instanter* simply stated "Motion by petitioner for leave to file petition for leave to appeal *instanter*. Motion allowed." The court did not make a finding of "extreme and compelling circumstances." Nor did the motion seeking leave to file set out any such circumstances. The lack of any findings on this point implies that the Illinois Supreme Court did not consider its grant of Kliner's motion as extending the time to file but, rather, as permitting the correction of formatting errors.[2]

---

[2] Alternatively, the acceptance of Kliner's motion for leave to file *instanter* is consistent with an implication that the Illinois Supreme Court recognized that Kliner's original PLA, filed on February 2, 2007, should not have been rejected due to its single-spaced footnotes. The requirement that footnotes be double-spaced was added to Illinois Supreme Court Rule 341 on March 16, 2007. Prior to that date, the rule did not specify the appropriate spacing of footnotes but merely discouraged their use. *See* Ill Sup. Ct. R. 341(a).

In any case, in seeking to dismiss Kliner's *habeas* petition as time-barred, Respondent has the burden. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Given that the Illinois Supreme Court did not lay out its reasoning in granting Kliner's motion to file *instanter*, or in its ultimate decision to deny the PLA, Respondent has not shown that the court treated the PLA as untimely. Thus, Kliner's collateral attack was in continuance, or "pending," through the ultimate denial of his PLA, and no time ran on the statute of limitations prior to May 31, 2007.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss is denied.

Dated: 11-13-08

JOHN W. DARRAH
United States District Court Judge